UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JACOB & COMPANY WATCHES, INC.

Civil Action No.

     Plaintiff,

v.

MICHAEL'S DIAMOND JEWELERS, INC.,
BORIS ARANOV and NATHAN ARANOV
     Defendants.



_____/

## **COMPLAINT**

     Plaintiff, Jacob & Company Watches, Inc., by its attorneys, as and for its complaint, alleges:

### **THE PARTIES**

     1.    Plaintiff Jacob & Company Watches, Inc. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 48 East 57th Street, New York, New York 10022 ("J & Co.").

     2.    Upon information and belief, Defendant Michael's Diamond Jewelers, Inc. is a Florida Corporation; having an address and place of business at 36 N.E. 1st Street, Suite 135, Miami, Florida 33132, is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district.

     2 (b).    Upon information and belief, Defendant Boris Aranov is an individual having an office and place of business at 36 N.E. 1st Street, Suite 135, Miami, Florida 33132 and is a



conscious, dominant and active force behind the wrongful acts of Defendant Michael's Diamond Jewelers, Inc. complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant Michael's Diamond Jewelers, Inc. and for his own individual gain and benefit.

2(c).    Upon information and belief, Defendant Nathan Aranov is an individual having an office and place of business at 36 N.E. 1st Street, Suite 135, Miami, Florida 33132 and is a conscious, dominant and active force behind the wrongful acts of Defendant Michael's Diamond Jewelers, Inc. complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant Michael's Diamond Jewelers, Inc. and for his own individual gain and benefit. Michael's Diamond Jewelers, Inc., Boris Aranov and Nathan Aranov are collectively referred to herein as "Defendants".

**JURISDICTION**

3.    The first and second claims herein arise under the Federal Trademark Act of 1946, 15 U.S.C. §1051 *et seq.*; the third claim herein arises under the federal anti-dilution law, Lanham Act §43(c) (15 U.S.C. §1125(c)) and, accordingly, subject matter jurisdiction for these claims is conferred on this Court by virtue of 15 U.S.C. §1121, as well as 28 U.S.C. §1338 (a).

4.    The fourth and sixth claim herein arises under Florida law and are claims joined with substantial and related claims under the Trademark Laws of the United States. Accordingly, subject matter jurisdiction for the fourth claim is conferred on this Court by virtue of 28 U.S.C. §1338 (b) and the doctrine of pendent jurisdiction.    The fifth claim for willful infringement is based upon Defendants' actions in knowingly, willfully, and intentionally selling altered watches.

5.    Venue is founded on 28 U.S.C. §1391 (b) and §1391 (c).

<u>COMMON ALLEGATIONS</u>

6.      The principals of J & Co. have been designing artistic jewelry and watches made of precious metals and gems, such as gold, platinum and diamonds since at least as early as 1981, and have marketed their artistic works to the general public since that time.

7.      J & Co. under the creative direction and through the esteemed reputation of its principal, Jacob Arabo, has joined the ranks of the most prestigious and sought after high quality jewelry, watches and accessories within the United States and the world.  Jacob Arabo, as the principal of J & Co., has also come to be affectionately known in the marketplace as "Jacob the Jeweler".  Plaintiff's products, and/or its packaging, all bear the signature trademark JACOB & Co. or J & Co.

8.      J & Co. sells a wide variety of watches made of stainless steel, platinum and gold and most often adorned with precious stones, such as diamonds. J & Co pioneered the five-time zone watch, sample styles of which are depicted on the annexed *Exhibit A*.

9.      A staff of expert craftsmen, goldsmiths and other artisans manufacture and produce the products sold by J & Co.  The level of expert workmanship exercised by these individuals is superior and conforms to the strict standards set by J & Co.

10.     J & Co's watches routinely sell for between $7,100 and $83,000 at retail. Over the years, the products sold by J & Co. have generated retails sales in the tens of millions of dollars.

11.     J & Co.'s watches are sold in only the most prestigious stores.  In the United States, for example, J & Co.'s watches are sold in Bergdorf Goodman (in New York), and in Torneau (with stores in major cities nationwide).  J & Co.'s watches are also sold in fine

boutiques throughout the United States.  In addition, J & Co.'s watches are sold in select stores in Europe, Asia and the Middle East.

12.      Watches designed by J & Co. have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public.  J & Co.'s celebrity clients now include names such as Elton John, Jennifer Lopez, Madonna, Michael Jordan, Mariah Carey, Sean "Puffy" Combs, Ozzy and Sharon Ozbourne and Beyonce Knowles.

13.      Plaintiff, J & Co. is the owner of the trademark **JACOB & Co.** and has been granted trademark registrations from the United States Patent and Trademark Office for its name and logo in connection with clocks, wrist watches and jewelry. Plaintiff's U.S. Trademark registrations include: JACOB & CO. Reg. No. 2,701,274; and The Stylized J & CO logo & JACOB & CO, Reg No. 2,676,899 (collectively "The Jacob & Co. Trademarks).

14.      The Jacob & Co. Trademarks have come to identify, in the United States and throughout the world, high quality watches designed and manufactured by J & Co.  The Five Time Zone Watch, inspired by the jet-set lifestyle of many of J & Co.'s clients, is a unique diamond timepiece featuring four chronographs offering the time in New York, Los Angeles, Tokyo and Paris, while the main hands are set to the location of the wearer. The Five Time Zone Watch is produced in a variety of metals from stainless steel to platinum, with an interchangeable diamond or flat bezel.  Plaintiff has been granted a copyright registration for the unique and colorful design of the Five Time Zone Watch by the Copyright Office, Reg. No. VA 1-130-830. A copy of Plaintiff's copyright registration is annexed hereto as *Exhibit* B.

15. J & Co. has duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the works protected by the copyright laws.

16. Additionally, J & Co. has obtained a design patent for the Five Time Zone, Multi-Face Watch from the U.S. Patent and Trademark Office; Patent No. D465,739. Annexed hereto and identified as *Exhibit C* is a copy of Plaintiff's U.S. design patent.

<u>**Count I - Trademark Infringement Under 15 U.S.C. § 1114**</u>

17. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. 1051, <u>et al</u>, particularly under 15 U.S.C. 1114(1) and alleges the infringement of trademarks registered under the laws of the United States.

18. Defendants, with full knowledge of the fame and reputation of the Jacob & Co. Trademarks, have intentionally, knowingly and willfully infringed upon the Jacob & Co. Trademarks by purchasing genuine JACOB & CO.-branded watches and altering them by either: (i) adding, *inter alia*, generic bezels bearing diamonds and other stones to the watches; and/or (2) adding stones to the cases of the watches and passing the watches off as genuine J & CO. watches, without the consent or permission of Plaintiff J & Co., in order to deceive purchasers as to the origin and source of the products.

19. The non-authorized altering of Plaintiff J & Co.'s watches has and is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored or approved by Plaintiff J & Co. when, in fact they are not.

20.      By reason of Defendants' use of the Jacob & Co. Trademarks in connection with Defendants' altered watches without obtaining the authorization of Plaintiff J & Co., Defendants have infringed upon Plaintiff J & Co.'s rights in the Jacob & Co. Trademarks. See, *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704 (9th Cir. 1999) and *Rolex Watch, U.S.A., Inc. v. Meece*, 158 F.3d 816 (5th Cir 1998).

21.      The goodwill and favorable reputation residing in the Jacob & Co. Trademarks is a valuable asset belonging to Plaintiff J & Co., and whose value does not lend itself to exact quantification but is clearly in excess of Fifty Million Dollars ($50,000,000). There can be no doubt that the acts complained of herein have the potential for inflicting substantial injury to J & Co.'s trademark and goodwill.

22.      Defendants' altered products, which bear the JACOB & CO. Mark, were and are possibly manufactured by inferior processes that have resulted and can result in inferior quality products. By marketing, advertising, and selling Defendants' inferior altered watches bearing the JACOB & CO. Mark, Defendants has damaged Plaintiff J & Co.'s goodwill and reputation for the sale of high quality products and will continue to damage Plaintiff's reputation unless enjoined.

23.      The activities of Defendants complained of herein constitute willful and intentional infringement of the Jacob & Co. Trademarks are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendants' knowledge that such use of the Jacob & Co. Trademarks, was and is in direct contravention of Plaintiff J & Co.'s rights.

24.      Plaintiff J & Co. has no remedy at law. Plaintiff has suffered damages in an amount thus far not determined, but believed to be in excess of Three Hundred Thousand Dollars $300,000).

## COUNT II - FEDERAL UNFAIR COMPETITION

25.     Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26.     This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. 1051, et seq., particularly under 15 U.S.C. 1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

27.     By reason of the marketing, celebrity status and press coverage generated for J & Co.'s watches at the trade and consumer levels, and the unique quality of the products, these watches are recognized by the trade and consumers as being products designed by Plaintiff J & Co.

28.     J & Co.'s watches have become widely known among purchasers as watches that are designed and manufactured by Plaintiff.  These watches are known to be high quality items with unique designs.

29.     The goodwill of the Plaintiff J & Co. and the favorable reputation residing in Jacob & Co.'s watches is a valuable asset belonging to Plaintiff.

30.     Defendants, with knowledge of the widespread recognition of J & Co.'s watches among the relevant segment of the market and with the specific intent to exploit that recognition, have undertaken to make and sell watches substantially identical to J & Co.'s watch.  It is Defendants' intention to have their ultimate purchasers believe that Defendants' watches are made by Plaintiff J & Co. and that persons who see Defendants' products being worn by Defendants' ultimate purchasers believe that the copies emanate from Plaintiff J & Co.

31.     By reason of Defendants' sale of altered J & CO. watches, the public has been and is being mislead as to the nature and quality of goods being sold by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

32. By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendants with Plaintiff J & Co. or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiff J & Co.

33. Plaintiff J & Co. has no adequate remedy at law. Plaintiff has suffered damages in an amount thus far not determined, but believed to be in excess of Three Hundred Thousand Dollars ($300,000).

## COUNT III – DILUTION

34. As a complete and third ground for relief, Plaintiff hereby charges Defendants with dilution and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 16, 18 through 23 and 27 through 30 and 33 hereof as though fully set forth herein.

35. Defendants' advertising, promotion, offering for sale and sale of altered watches bearing the Jacob & Co. Trademarks is likely to dilute the distinctive quality of Plaintiff's name and injure Plaintiff's business reputation in violation of the federal anti-dilution law, Lanham Act §43 (c), 15 U.S.C. §1125 (c). Defendants' infringing activities have been and are being committed willfully.

## COUNT IV - COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

36. As a complete and fourth ground for relief, Plaintiff hereby charges Defendants with common law unfair competition, and hereby realleges and reasserts all of the allegations

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

contained in paragraphs 1 through 16, 18 through 23 and 27 through 30, 32 & 34 hereof as though fully set forth herein.

37.     Defendants' use of the Jacob & Co. Trademarks in connection with the sale of their altered watches is likely to cause confusion in the marketplace between Plaintiff J & Co.'s genuine goods and those of Defendants, thus constituting an infringement of Plaintiff J & Co.'s valuable common law rights.

38.     Upon information and belief, Defendants are "palming off" its infringing products as the high quality merchandise of Plaintiff J & Co., and are knowingly enabling others to do the same and is thus deliberately and knowingly misappropriating and diverting Plaintiff's valuable proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with Plaintiff.

39.     Upon information and belief, Defendants' unfair competition has caused and, if allowed to continue, will continue to cause sales of Plaintiff J & Co.'s products to be lost and/or diverted to Defendants.   Further, Defendants' unfair competition has caused substantial and irreparable damage and injury to Plaintiff Jacob & Co. and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff Jacob & Co.

40.     Plaintiff Jacob & Co. has no adequate remedy at law.  Plaintiff has suffered damages in an amount not yet determined, but believed to be in excess of $300,000.

LAW OFFICES
BECKER & POLIAKOFF, P.A.  • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

### COUNT V – WILLFUL INFRINGEMENT

41.     As a complete and fifth ground for relief, Plaintiff hereby charges Defendants with the willful and intentional infringement use and sale of Plaintiff's J & Co. trademarked watches under 15 U.S.C. §1117 (b). Defendants sold the infringing goods with intent and knowledge of their infringing actions after a verbal warning of such actions was issued months before this suit was filed by Plaintiff's counsel. Plaintiff hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 16, 18 through 23 and 27 through 30, 32 & 34, and 35 through 39 hereof as though fully set forth herein.

42.     Plaintiff J & Co. has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' willful acts as aforesaid and requests the court award the maximum statutory damages and attorneys fees for such willful and intentional infringement under 15 U.S.C. §1117 (b).

### COUNT VI

### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

43.     Plaintiff incorporates the allegations contained in paragraphs 1–23, 27-30 and 32-42.

44.     This claim arises under Fla.Stat. §501.201, et seq.

45.     Based upon the Defendants' wrongdoing, Defendants have violated the Florida Statute section 501.204 by using unfair methods of competition in the conduct of trade or commerce; deceptively using J & Co.'s tradename and trademark; engaging in unfair and deceptive acts which diminish the value of the goods sold and offered by Plaintiff and purchased

by consumers in the marketplace; marketing Defendant's products as if they were affiliated, approved, sponsored, or authorized by Plaintiff; passing off Defendant's products to consumers as if they were Plaintiff's products; and misleading the public as to the nature and quality of Defendant's products by improperly suggesting a relationship with Plaintiff.

46.     Plaintiff has suffered, and continues to suffer irreparable harm and damage as a result of Defendant's conduct alleged above, including a lessening of the goodwill residing in Plaintiff's trademark.

47.     Defendant will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.

48.     Plaintiff has no adequate remedy at law to compensate it for the injuries suffered and threatened as a result of Defendant's conduct.

**WHEREFORE, Plaintiffs demand:**

A.     that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from using the Jacob & Co. Trademarks in any manner and from using any mark confusingly similar thereto; and from manufacturing, altering, promoting, advertising and selling any products bearing the Jacob & Co. Trademarks and any mark confusingly similar thereto; and from impliedly or expressly representing that the altered watches sold by Defendants are genuine J & Co. products unless such is the case;

B.     that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently

enjoined from competing unfairly with Plaintiff, from falsely representing and falsely designating the origin of Defendants' goods, from diluting the distinctive quality of Plaintiff's trademark and from engaging in false advertising;

C.     that Defendants be required to pay to Plaintiff J & Co. damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants by the sale or advertisement of any products bearing the Jacob & Co. Trademarks or any mark confusingly similar thereto; represented or advertised by Defendants to be a genuine J & Co. product or its equivalent;

D.     that Plaintiff be awarded statutory damages by reason of the willful infringement of Plaintiff's registered Jacob & Co. Trademarks;

E.     that Plaintiff be awarded treble damages, punitive damages, reasonable attorneys fees and the costs and disbursements of this action;

F.     that all of Defendants' customers for Defendants' altered watches bearing the Jacob & Co. Trademarks be notified that such watches are not genuine J & CO. watches and at each customer's option, such watches be returned to Defendants for the full amount paid and that such watches be surrendered to Plaintiff J & Co. and thereafter destroyed;

G.     that Plaintiff be granted an award of punitive damages in view of the willful and malicious nature of Defendants' tortious acts; and,

H.     that Plaintiff have such other and further relief as the Court deems just and equitable.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

Dated: December 19, 2005

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
Post Office Box 9057
Fort Lauderdale, Florida 33310-9057
(954) 987-7550, telephone
(954) 985-4176, facsimile

By:

GARY C. ROSEN
Florida Bar No. 310107
KEVIN MARKOW
Florida Bar No. 66982

949467_1.DOC

13

**EXHIBIT A**



JC-M1          JC-1



JC-M2          JC-2



JC-M3          JC-3



JC-M4          JC-4



JC-M5



JC-6

**EXHIBIT A**



JC-M7                                                     JC-7



JC-M8                                                     JC-8



JC-M9                                                     JC-9



JC-M10                                                    JC-10



JC-M11                                                    JC-11



JC-M12                                                    JC-12



JC-M13        JC-13



JC-M14        JC-14



JC-M15        JC-15



JC-M16        JC-16



JC-M17        JC-17



JC-M18        JC-18

3



JC-M19                     JC-19



JC-M20                     JC-20



JC-M21                     JC 21



JC-M22                     JC-22



JC-M23                     JC 23



JC-M24                     JC 24



JC-M25

JC-25



JC-M26

JC-26



JC-27
THE
MONSTER WATCH



JC-M28

JC-28



JC-M29

JC-29



JC-M30

JC-30

5



JC-31

JC-32

JC-33

JC-34

JC-35

JC-36

**EXHIBIT B**



**CERTIFICATE OF REGISTRATION**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

OFFICIAL SEAL

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REG  **VA 1 – 130 – 830**



EFFECTIVE DATE OF REGISTRATION

**OCT   30   2001**
Month     Day     Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**
TITLE OF THIS WORK ▼

FIVE TIME ZONE WATCHES

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See Instructions

watch face designs
~~Jewelry Design~~

Publication as a Contribution  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

---

**2**

NOTE

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** NAME OF AUTHOR ▼

Jacob Arabov

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼
1965

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture       ☐ Map          ☐ Technical drawing
★ ☒ 2-Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☒ Jewelry design  ☐ Architectural work

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture       ☐ Map          ☐ Technical drawing
☐ 2-Dimensional artwork         ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design  ☐ Architectural work

---

**3**
**a** Year in Which Creation of This Work Was Completed
2001 ◀Year  This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work Complete this information ONLY if this work has been published.
Month ▶ July   Day ▶ 1   Year ▶ 2001   ◀ Nation

---

**4**
See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Jacob Arabov
c/o Jacob The Jeweler, Inc.
1196 Sixth Avenue
New York, NY  10036

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
~~APR 10 2002~~ OCT 30, 200
ONE DEPOSIT RECEIVED
~~APR 10 2002~~ OCT 30, 20
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶
• Co
• See

**EXHIBIT B**

DO NOT WRITE HERE
▶ ?

from Ulena Holubec filed in UB.

EXAMINED BY *VG*

CHECKED BY

☒ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

**a**

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                        Account Number ▼

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

**b**

Keith D. Nowak, Esq.
Lieberman & Nowak, LLP
350 Fifth Avenue - 74th Floor
New York, NY 10118

Area code and daytime telephone number ▷ (212) 947-0500          Fax number ▷ (212) 947-0417

Email ▷ ip@lieberman-nowak.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▷
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of ___Jacob Arabov___
            Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
James P. Lynn, Esq.                                    Date ▷ April 8, 2002

Handwritten signature (X) ▼

X *James P Lyn*

| Certificate will be mailed in window envelope to this address: | Name ▼ | Keith D. Nowak, Esq.<br>Lieberman & Nowak, LLP |
|---|---|---|
| | Number/Street/Apt ▼ | 350 Fifth Avenue - 74th Floor |
| | City/State/ZIP ▼ | New York, NY 10118 |

**9**

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money
order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 2002,
the filing fee for
Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000                    ⟲ PRINTED ON RECYCLED PAPER                    ☆U.S. GOVERNMENT PRINTING OFFICE: 1999 454-879/71

**EXHIBIT C**

PATENT APPLICATION ASSIGNMENT -                                        OFGS FILE NO. D/4276-3
SOLE AND JOINT INVENTORS

WHEREAS, I, Jacob ARABOV, as assignor, have invented certain improvements in MULTI-FACE TIMEPIECE for which an application for United States Letters Patent has been executed by me of even date herewith; and

WHEREAS, JACOB & COMPANY WATCHES, INC., 1196 Avenue of the Americas, New York, New York 10036, as assignee, is desirous of acquiring all right, title and interest in and to said invention and any Patent that may be granted therefor

NOW, THEREFORE, in consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, I, as assignor, hereby sell, assign and set over to said assignee the entire right, title and interest for the United States and all other countries in and to said invention and the aforesaid application for Patent, all original, divisional, continuation, substitute or reissue applications and patents applied for or granted therefor in the United States and all other countries, including all rights of priority from the filing of said application, and all rights for past infringement, and the Commissioner of Patents and Trademarks is hereby authorized and requested to issue all patents on said inventions or resulting therefrom to said assignee herein, as assignee of the entire interest therein; and the undersigned for myself and my legal representatives, heirs and assigns do hereby agree and covenant without further remuneration, to execute and deliver all divisional, continuation, reissue and other applications for Patent on said inventions and all assignments thereof to said assignee or its assigns, to communicate to said assignee or its representatives all facts known to the undersigned respecting said inventions, whenever requested, to testify in any interferences or other legal proceedings in which any of said applications or patents may become involved, to sign all lawful papers, make all rightful oaths, and to do generally everything necessary to assist assignee, its successors, assigns and nominees to obtain patent protection for said invention in the United States and all other countries, the expenses incident to said applications to be borne and paid by said assignee

Date. _____                              _____
                                                                          Jacob ARABOV

# EXHIBIT C

US00D465739S

## (12) United States Design Patent

Arabov

(10) Patent No.: **US D465,739 S**

(45) Date of Patent: ＊＊ **Nov. 19, 2002**

(54) **MULTI-FACE TIMEPIECE**

(76) Inventor: **Jacob Arabov**, 65 Tennis Pl., Forest Hills, NY (US) 11375

(**) Term: **14 Years**

(21) Appl. No.: **29/149,161**

(22) Filed: **Oct. 4, 2001**

(51) LOC (7) Cl. ......................................... **10-02**

(52) U.S. Cl. ......................................... **D10/39**

(58) **Field of Search** ............ D10/1–39, 122–132; 368/276–277, 285, 281–282; D11/3–25; 63/1.11, 3, 5, 11; 224/164, 168, 178

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 2,361,563 A | * | 10/1944 | Pellaton | ................ | D10/39 X |
| 5,043,955 A | * | 8/1991 | Dubois et al. | ................ | 368/228 |
| D321,835 S | * | 11/1991 | Hirabayashi | ................ | D10/39 |
| D325,528 S | * | 4/1992 | Schneider | ................ | D10/32 |
| D327,443 S | * | 6/1992 | Sugita et al. | ................ | D10/38 |
| D327,444 S | * | 6/1992 | Murakami | ................ | D10/39 |
| D327,656 S | * | 7/1992 | Sugita et al. | ................ | D10/38 |

* cited by examiner

*Primary Examiner*—Nelson C. Holtje

(74) *Attorney, Agent, or Firm*—Lieberman & Nowak, LLP

(57) **CLAIM**

The ornamental design for the multi-face timepiece, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a multi-face timepiece;

FIG. **2** is a front view thereof;

FIG. **3** is a view from the right side thereof.

FIG. **4** is a view from the left side thereof; and,

FIG. **5** is a top view thereof

The broken line showing of a wrist band is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 2 Drawing Sheets**



JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| JACOB & COMPANY WATCHES, INC. | MICHAEL'S DIAMOND JEWELERS, INC., BORIS ARANOV and NATASHA ARANOV |

MAGISTRATE JUDGE
O'SULLIVAN

**(b)** County of Residence of First Listed Plaintiff   NEW YORK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gary C. Rosen, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Ft. Lauderdale, FL 33312

Attorneys (If Known)

N/A

**(d)** Check County Where Action Arose: ☒ DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question (U.S. Government Not a Party)
☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

Docket: 05CV23262 DLG O'Sullivan

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1051 et seq. (specially §§1117 and 1125)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE
DOCKET NUMBER

DATE   12-19-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   # 250.00   932209

12/20/05